IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LANICA LATRICE RAY,<br><br>Plaintiff,<br><br>vs.<br><br>SALISH KOOTENAI COLLEGE,<br><br>Defendant. | Cause No. CV 20-81-M-DLC-KLD<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On June 5, 2020, Plaintiff Ray moved to proceed in forma pauperis with this action alleging violation of her civil rights. *See* Compl. (Doc. 2) at 5 ¶ II.[1]

## I. Motion to Proceed In Forma Pauperis

Ray's motion adequately demonstrates that she is unable to pay costs that may be associated with this action. The $400.00 filing fee will be waived.

## II. Screening Requirement

Ray is proceeding in forma pauperis. The Court must review her complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Ray also checked a box indicating a United States Government Defendant. She does not name a federal defendant.

1

Ray is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). But if a claim cannot be cured by amendment, "the court *shall* dismiss" it. 28 U.S.C. § 1915(e)(2) (emphasis added).

### III. Ray's Complaint

Ray's allegations are difficult to understand. It is clear, however, that she cannot proceed on the complaint she filed and cannot amend it to state a claim on which relief may be granted.

Ray names one defendant, Salish Kootenai College. *See* Compl. (Doc. 2) at 1 (caption); *id*. at 2 ¶ I(B); Letter (Doc. 2-1) at 1. The incident giving rise to her claim occurred on February 23, 2018. *See* Compl. at 4 ¶ III(B); *see also, e.g.*, Compl. Exs. (Doc. 2-1 at 4 (showing loan date of 2/7/2018 and beginning repayment date of 9/10/2018); Doc. 2-1 at 10 (letter dated July 1, 2018)).

On August 13, 2019, Ray filed suit against Salish Kootenai College based on her expulsion on February 23, 2018. *See* Compl. Exs. (Doc. 2-1 at 1–34), *Ray v. Salish Kootenai College*, No. CV 19-134-M-DLC-KLD (D. Mont. filed Aug. 13, 2019) ("*Ray I*"). This Court found that Ray's allegations did not support a plausible inference that she was expelled or compelled to withdraw from classes

because of her disability. "It is more plausible," the Court found, "that [Ray] had to withdraw because she engaged in disruptive behavior that caused College staff reasonable concern for the peace and safety of other staff, students, and possibly Ray herself." *Ray I* Order (Doc. 6) at 4; *see also, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014), *quoted in Ray I* Order at 4.

Ray had an opportunity to amend her pleading, *see* Order at 5 ¶ 2, but she did not do so. The Court recommended that her complaint be dismissed for failure to state a claim. *See Ray I* Findings and Recommendation (Doc. 7) at 2. The District Court adopted the recommendation and dismissed the case on April 16, 2020. *See Ray I* Order (Doc. 8) at 2 ¶ 2. Ray did not appeal.

This case is virtually identical to *Ray I*. The doctrine of res judicata[2] "prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and emphasis omitted). "Res judicata applies when the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation marks, citation, and ellipsis omitted).

---

[2] The phrase means "the thing is decided."

To decide whether two cases involve the same claim, courts apply a "transaction" test and consider various factors, including whether the two cases arise out of the same transactional nucleus of facts, whether pursuit of the second case would impair rights or interests established in the first, whether the same right is alleged to be infringed in both cases, and whether the two cases depend on substantially the same evidence. *See Mpoyo*, 430 F.3d at 987.

In *Ray I*, Ray alleged the Americans with Disabilities Act ("ADA") entitled her to recover the balance of her student loans from the College plus punitive damages. In this case, she alleges the College violated her civil rights. But both cases involve the same nucleus of operative facts: Ray's expulsion in February 2018 and any conduct by the College that unlawfully caused or contributed to it or otherwise made it responsible for paying damages in the amount of her student loans. *See Mpoyo*, 430 F.3d at 987. The "particular rights" Ray seeks to vindicate might or might not be different, because disability rights are civil rights, and Ray does not specify the civil rights she seeks to vindicate in *Ray II*. But even if the "particular rights" are different, they are less different than the rights Plaintiff Mpoyo sought to vindicate in his first case, alleging racial discrimination and retaliation for reporting racial epithets, and his second case, alleging wrongful placement on administrative rather than medical leave and failure to pay overtime.

Ray's cases would also involve substantially the same evidence concerning why the College expelled her. *See Mpoyo*, 430 F.3d at 987–88.

In *Mpoyo*, despite some indications that the plaintiff's two cases did not involve the same claim or cause of action, the court concluded they "clearly share a common nucleus of operative fact." This Court reaches the same conclusion here. *Ray I* and *Ray II* "involve[] the same 'claim.'" *Mpoyo*, 430 F.3d at 987. Dismissal of a complaint for failure to state a claim and without further leave to amend is a judgment on the merits supporting application of res judicata. *See, e.g.*, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 395–96, 398 (1981); *Stewart*, 297 F.3d at 957. And the parties are identical in the two actions.

*Ray II* is barred by res judicata. Amendment would not cure the defect, because the bar arises from Ray's attempt to sue Salish Kootenai College a second time over the same incident. The complaint should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

## ORDER

1. Ray's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The clerk shall waive the filing fee and edit the docket text to show that the complaint (Doc. 2) is filed.

2. Pending the District Court's review of the Recommendation, the clerk shall not issue the subpoenas attached to Ray's complaint.

The Court also enters the following:

## RECOMMENDATION

1. Ray's complaint should be DISMISSED WITH PREJUDICE as barred by res judicata.

2. The clerk should be directed to enter, by separate document, judgment in favor of Defendant and against Plaintiff.

3. The District Court should CERTIFY that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Ray may object to the Findings and Recommendations within 14 days. *See* 28 U.S.C. § 636(b)(1).[3] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ray must immediately advise the Court of any change in her mailing</u>

---

[3] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

6

<u>address</u>.  Failure to do so may result in dismissal of the action without notice to her.

      DATED this 1st day of September, 2020.

                                       */s/ Kathleen L. DeSoto*
                                       Kathleen L. DeSoto
                                       United States Magistrate Judge