IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LANICA LATRICE RAY, | CV 20–81–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SALISH KOOTENAI COLLEGE, | |
| Defendant. | |

Before the Court is the Findings and Recommendation of United States Magistrate Judge Kathleen L. DeSoto.  (Doc. 4.)  Judge DeSoto recommends that the Court: (1) dismiss Plaintiff Lanica Latrice Ray's complaint as barred by the doctrine of res judicata; and (2) certify that no appeal from this disposition could be taken in good faith.  (*Id.* at 5.)  Ray failed to timely object to the Findings and Recommendation, and so waived the right to de novo review of the record.  28 U.S.C. § 636(b)(1).  This Court reviews for clear error those findings and recommendations to which no party objects.  *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

After a final judgment on the merits of a case is entered, res judicata "precludes the parties or their privies from relitigating issues that were or could

have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The Court finds no clear error in the determination that the doctrine of res judicata bars this case.

Ray filed the instant complaint about two months after the Court dismissed her complaint in *Ray v. Salish Kootenai College*, No. CV 19-134-M-DLC-KLD (D. Mont. Aug. 13, 2019). That case ("*Ray I*") involved the same nucleus of operative facts as those presented here. In both cases, Ray seeks to recover damages she sustained when Defendant Salish Kootenai College ("the College") expelled her in February 2018 and failed to return her tuition payments. (*Ray I*, Compl. 7, Aug. 13, 2019; Doc. 2 at 4.) *Ray I* and the instant case appear to be couched in slightly different theories of liability: there, Ray asserted that the College violated federal antidiscrimination law; here, she claims that the expulsion violated her civil rights by stripping her of educational and financial opportunity. (*Ray I*, Compl. 6, Aug. 13, 2019; Doc. 2 at 3.) Nevertheless, the two cases involve identical parties and unquestionably entail "substantially the same evidence," as they arise out of the same February 23, 2018 incident. *See Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005).

By its Order of April 16, 2020, the Court dismissed *Ray I* for failure to state a claim without further leave to amend. (*Ray I*, Ord. 2, Apr. 16, 2020). Although the Order simply stated that the action was dismissed and did not specify whether

the suit was dismissed with or without prejudice, Federal Rule of Civil Procedure 41(b) states that an involuntary dismissal—"except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Therefore, because none of the listed exceptions apply, the Court interprets *Ray I* as dismissed on the merits. Thus, the doctrine of res judicata forecloses Ray's effort to relitigate issues that were or could have been previously raised.

Accordingly, following clear error review, IT IS ORDERED:

(1) Judge DeSoto's Findings and Recommendation (Doc. 4) is ADOPTED in full;

(2) The complaint (Doc. 2) is DISMISSED WITH PREJUDICE as barred by res judicata;

(3) The Clerk of Court shall enter, by separate document, a judgment of dismissal; and

(4) The Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this dismissal would not be taken in good faith.

DATED this 21st day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court